IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSHUA ALEXANDER HOVIS,            )
                                   )
                Petitioner,        )
                                   )
        v.                         )        1:26CV194
                                   )
BENNETTSVILLE F.C.I.,              )
                                   )
                Respondent.        )

ORDER AND RECOMMENDATION

Petitioner, a federal prisoner, submitted what the Court treated as a Petition under 28 U.S.C. § 2241 in which he challenges the computation of his current sentence and seeks to have the Court intervene in that coumputation. The Supreme Court has held that the Attorney General, through the United States Bureau of Prisons, is responsible in the first instance for computing the credit under 18 U.S.C. § 3585(b). See United States v. Wilson, 503 U.S. 329, 334-35 (1992). Therefore, a defendant raising claims under § 3585(b) must first exhaust his administrative remedies with the Bureau of Prisons and may then seek judicial review under 28 U.S.C. § 2241 in the district where he is confined. See id.; see also United States v. Miller, 871 F.2d 488, 489-90 (4th Cir. 1989); United States v. Harbison, 148 Fed. Appx. 187 (4th Cir. 2005); U.S. v. Burcham, 91 Fed. Appx. 820, 823 n.2 (4th Cir. 2004). As explained by the Supreme Court regarding sentence credit in a slightly different context:

> [T]he Bureau of Prisons . . . ultimately has to determine how long the District Court's sentence authorizes it to continue [the defendant's]

confinement. [The defendant] is free to urge the Bureau to credit his time served in state court based on the District Court's judgment that the federal sentence run concurrently with the state sentence for the new drug charges. If the Bureau initially declines to do so, he may raise his claim through the Bureau's Administrative Remedy Program. See 28 CFR § 542.10 et seq. (2011). And if that does not work, he may seek a writ of habeas corpus. See 28 U.S.C. § 2241.

Setser v. United States, 566 U.S. 231, 244 (2012); see also Wilson, 503 U.S. at 334-35 ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. . . . Federal regulations have afforded prisoners administrative review of the computation of their credits . . . and prisoners have been able to seek judicial review of these computations after exhausting their administrative remedies.").

Here, Petitioner did not submit an *in forma pauperis* application, pay the applicable filing fee, or use the proper form for his Petition. The Petition can be dismissed without prejudice for these reasons. Moreover, the Court notes that Petitioner is incarcerated at FCI Hazelton located in the Northern District of West Virginia. Therefore, Petitioner's request should be dismissed without prejudice to him presenting his request to the Bureau of Prisons and then seeking judicial review under 28 U.S.C. § 2241 in the district where he is confined. He may request the § 2241 forms from the Clerk's Office in that district. The address for the Clerk is: 500 West Pike Street, Room 301, P.O. Box 2857, Clarksburg, WV 26302.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation of dismissal without prejudice to filing a new petition in the proper district after exhausting any available administrative remedies.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE RECOMMENDED that this action be dismissed *sua sponte* without prejudice to Petitioner filing in the proper district after exhausting any available administrative remedies.

This, the 16th day of March, 2026.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

3